UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

JAHIA JABER,                                    )
                                                )
                        Plaintiff,              )       Case No. 14 cv 5487
                                                )       Judge Harry D. Leinenweber
                v.                              )       Magistrate Judge Maria Valdez
                                                )
                                                )
The CITY OF PALOS HILLS, Illinois,              )
a municipal corporation, and Palos Hills        )
Police Officer COREY QUIROZ,                    )
                                                )
                        Defendants.             )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, The City of Palos Hills and Corey Quiroz by and through their attorneys, Johnson and Bell, Ltd., hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

1.      This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation under color of law, of Plaintiff's rights under the United States Constitution and under common law of Illinois.

**ANSWER:**    Defendants admit the averments of this paragraph, but deny that they engaged in any misconduct.

2.      This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

**ANSWER:**    Defendants admit the averments of this paragraph.

3.      Venue is proper under 28 U.S.C. §§ 1391(b). All parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

**ANSWER:** Defendants admit the averments of this paragraph, but deny that they engaged in any misconduct.

## PARTIES

4.     Plaintiff YAHIA JABER is a thirty-one-year-old businessman who lives in the City of Palos Hills, Illinois with his wife and children.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

5.     Defendant OFFICER, at all relevant times, is or was a Palos Hills police officer, employed by Defendant CITY, acting under color of law, and within the scope of his employment.

**ANSWER:** Defendants admit the averments of this paragraph.

6.     Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant OFFICER.

**ANSWER:** Defendants admit the averments of this paragraph.

## FACTS

7.     At approximately 9:30 p.m., on December 28, 2013, Plaintiff was at a Speedway gas station located at 10300 South Roberts Road in Palos Hills, Illinois.

**ANSWER:** Defendants admit the averments of this paragraph.

8.     Plaintiff was having car trouble and had summoned a tow truck to the gas station to tow his vehicle, which was parked in a parking space on the gas station lot.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

9.     Plaintiff informed the gas station attendant his vehicle would be towed from the premises, and began to leave on foot, intending to walk to another nearby business owned by a friend.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph relating to Plaintiff's conversation with the gas station attendant and Plaintiff's plans to go to a nearby business. Defendants admit the averments of this paragraph relating to the Plaintiff being on foot.

10. Defendant QUIROZ, who was on duty as a Palos Hills police officer pulled his vehicle up in front of Plaintiff, blocking his path.

**ANSWER:** Defendants admit the averments of this paragraph relating to Quiroz being on duty. Defendants deny the remaining averments of this paragraph.

11. Defendant QUIROZ ordered Plaintiff to stop and to put his hands on top of Defendant QUIROZ's vehicle, and Plaintiff complied.

**ANSWER:** Defendants admit the averments of this paragraph relating to the stop of the Plaintiff. Defendants deny that the Plaintiff has accurately described the sequence of events that occurred during this stop.

12. Defendant QUIROZ then searched Plaintiff and found nothing illegal.

**ANSWER:** Defendants deny that the Plaintiff was "searched," as they understand that term. Defendants admit that a "pat down" was performed. Defendants admit the remaining averments of this paragraph.

13. Defendant QUIROZ put his hand on Plaintiff's back and held it there, physically detaining Plaintiff while he used his radio to communicate with police dispatch.

**ANSWER:** Defendants deny the averments of this paragraph relating to Quiroz's hand. On information and belief, Defendants admit that Quiroz used his radio to communicate with the police dispatcher. Defendants make no answer to the remaining averments of this paragraph as they call for legal conclusions and are therefore improper. To the extent that the remaining averments of this paragraph require an answer, they are denied.

14.     Defendant QUIROZ then began to interrogate Plaintiff about where he was going and what he was doing.

**ANSWER:**     Defendants make no answer to the averments of this paragraph because they call for legal conclusions, and are therefore improper.  To the extent that the averments of this paragraph require an answer, the Defendants deny that the Plaintiff was "interrogated," as they understand that term.

15.     When Plaintiff questioned why he was being stopped, Defendant QUIROZ told him "I run the show here," or words to that effect.

**ANSWER:**     Defendants deny the averments of this paragraph.

16.     Defendant QUIROZ then physically turned Plaintiff around and handcuffed him.

**ANSWER:**     Defendants deny the averments of this paragraph.

17.     Defendant QUIROZ forced Plaintiff to the ground and made him sit, handcuffed, in the slush on the ground in the Speedway parking lot.

**ANSWER:**     Defendants admit, that at one point during the stop, the Plaintiff sat on the ground handcuffed.  Defendants deny that the Plaintiff was "forced" to sit anywhere on the ground, and deny that the Plaintiff sat in "slush."

18.     Defendant QUIROZ then repositioned his vehicle's spotlight to shine it directly in Plaintiff's face as he sat handcuffed on the ground in the cold.

**ANSWER:**     Defendants deny the averments of this paragraph.

19.     Members of Plaintiff's family, with whom he had had dinner with before that night, were on their way home from dinner and saw Plaintiff being detained in the Speedway parking lot by Defendant QUIROZ.

**ANSWER:**     Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

4

20.     Plaintiff's family members stopped their vehicles and watched as Defendant QURIOZ humiliated and harassed Plaintiff.

**ANSWER:** Defendants deny that Quiroz humiliated and harassed Plaintiff. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

21.     After forcing Plaintiff to sit on the ground for several minutes, Defendant QUIROZ then put Plaintiff into the back of a police wagon that Defendant QUIROZ had summoned to the scene.

**ANSWER:**   Defendants deny the averments of this paragraph relating to Quiroz forcing the Plaintiff to sit on the ground.  Defendants admit that, for a period of time, the Plaintiff sat in the back of a police van.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

22.     While Plaintiff was inside the wagon, Defendant QUIROZ searched Plaintiff's vehicle.

**ANSWER:**   Defendants deny the averments of this paragraph.

23.     There was no contraband in Plaintiff's vehicle.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

24.     After being locked inside the police wagon for several minutes, Defendant QUIROZ let Plaintiff out and removed his handcuffs from Plaintiff's wrists.

**ANSWER:**   Defendants deny that the Plaintiff was in the police van for "several minutes," as they understand that phrase.  Defendants admit the remaining averments of this paragraph.

25.     Defendant QUIROZ then ordered Plaintiff to sit inside Plaintiff's vehicle while Defendant QUIROZ wrote Plaintiff several tickets.

**ANSWER:** Defendants admit the averments of this paragraph.

26. Eventually, Plaintiff was allowed to go home with his family.

**ANSWER:** Defendants admit that the Plaintiff was allowed to go home. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph.

27. All of the tickets Defendant QUIROZ issued to Plaintiff were dismissed.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

### COUNT I
### (42.U.S.C. §1983 – Unlawful Search & Seizure)

28. Each of the foregoing paragraphs is incorporated as if fully restated here.

**ANSWER:** Defendants restate and reallege all of their answers to the paragraphs above, as though fully set forth herein.

29. As described above, the scope and manner of Defendant QUIROZ's detention of Plaintiff was unreasonable under the circumstances, in violation of the Fourth Amendment to the United States Constitution.

**ANSWER:** Defendants deny the averments of this paragraph.

30. In addition, Defendant QUIROZ searched Plaintiff's vehicle without probable cause, or any other legal justification to do so, in violation of the Fourth Amendment to the United States' Constitution.

**ANSWER:** Defendants deny the averments of this paragraph.

31. As a direct and proximate result of this unlawful search and seizure, Plaintiff suffered damages which will be proven at trial.

**ANSWER:** Defendants deny the averments of this paragraph.

### COUNT II
### (42.U.S.C. §1983, Equal Protection Claim)

32.     Each of the preceding paragraphs is incorporated as if fully restated here.

**ANSWER:**     Defendants restate and reallege their answers to all of the paragraphs above, as though fully set forth herein.

33.     Plaintiff is Middle-Eastern and is a member of a protected class.

**ANSWER:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

34.     On information and belief, Defendant QUIROZ has engaged in a pattern and practice of targeting Middle-Eastern people, including Plaintiff, treating them differently than other similarly situated non-Middle-Eastern individuals, without any legitimate governmental purpose for doing so, in violation of the Fourteenth Amendment to the United States' Constitution.

**ANSWER:**     Defendants deny the averments of this paragraph.

35.     On information and belief, Defendant QUIROZ has detained and/or arrested and/or ticketed a disproportionate number of Middle-Eastern citizens versus non-Middle-Eastern citizens in Palos Hills.

**ANSWER:**     Defendants deny the averments of this paragraph.

36.     Defendant QUIROZ's actions with respect to Plaintiff were motivated at least in part by a discriminatory purpose, in violation of Plaintiff's constitutional right to Equal Protection under the law.

**ANSWER:**     Defendants deny the averments of this paragraph.

37.     As a direct and proximate result of this equal protection violation, Plaintiff has suffered damages, which will be proven at trial.

**ANSWER:**     Defendants deny the averments of this paragraph.

### COUNT III
### (Illinois Intentional Infliction of Emotional Distress)

38.     Each of the preceding paragraphs is incorporated as if fully restated here.

**ANSWER:**    Defendants restate and reallege their answers to all of the paragraphs above, as though fully set forth herein.

39.    As more fully described above, Defendant QUIROZ engaged in conduct with respect to Plaintiff which was extreme and outrageous.

**ANSWER:**    Defendants deny the averments of this paragraph.

40.    Defendant QUIROZ has acted willfully and wantonly in that he has intended, or was recklessly indifferent towards, causing Plaintiff severe emotional distress, knowing that there was a high probability this behavior would cause Plaintiff severe emotional and mental anguish.

**ANSWER:**    Defendants deny the averments of this paragraph.

41.    As a direct and proximate result of Defendant QUIROZ's misconduct, Plaintiff did, in fact, suffer severe emotional distress.

**ANSWER:**    Defendants deny the averments of this paragraph.

42.    Illinois law provides that public entities, such as Defendant CITY, are liable for compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:**    Defendants deny the averments of this paragraph.

43.    At all relevant times, Defendant QUIROZ was an agent of Defendant CITY and an employee of the Chicago Police Department acting within the scope of his employment. Defendant CITY, therefore, is liable as principal for all torts committed by its agent, Defendant QUIROZ.

**ANSWER:**    Defendants deny the averments of this paragraph.

Defendants deny that Plaintiff is entitled to the relief sought, or to any relief whatsoever. Defendants pray that this Honorable Court will enter an Order striking and

dismissing Plaintiff's Complaint, with prejudice, and further pray for any additional relief that this Honorable Court deems equitable and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Illinois Tort Immunity Act)

(a) Defendant Quiroz was acting in the scope of his employment as a police officer at all times relevant to this Complaint, and as such a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

(b) Defendant Quiroz was acting in the scope of his employment as a police officer at all times relevant to this Complaint, and as such is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

(c) Defendant, City of Palos Hills, is not liable for the acts or omissions of its employees where the employees are not liable pursuant to 745 ILCS 10/2-109.

(d) The City of Palos Hills is not required to pay punitive or exemplary damages in any action brought directly or indirectly by the injured party or a third party.  745 ILCS 10/2-102.

### SECOND AFFIRMATIVE DEFENSE:
### (State Comparative and Contributory Negligence Law)

As to Plaintiff's state law claims, to the extent that any injury or damages claimed by Plaintiff against the Defendants was caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff, even if the Defendants are liable for damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton, and intentional conduct of the Plaintiff, which was the proximate cause of his injuries.

9

In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when Plaintiff is more than 50% of the proximate cause of the injury or damages for which recovery is sought.

### FOURTH AFFIRMATIVE DEFENSE:
### (Mitigation of Damages)

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to the Plaintiff by a jury in this case.

### FIFTH AFFIRMATIVE DEFENSE:
### (Qualified Immunity)

Defendant Quiroz is a government official, namely a police officer, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Quiroz could have believed his actions to be lawful, in light of clearly established law and information that he possessed. Therefore, Defendant Quiroz is entitled to qualified immunity as to the Plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that the City of Palos Hills is sued under any theory other than an alleged unconstitutional policy and/or practice of its policy makers, Plaintiff fails to state a claim against it, as *respondeat superior* as an improper basis for suing a municipality under 42 U.S.C. Section 1983. *Monell v. New York Department of Social Services*, 436 U.S. 658, 691 (1978); *Sarantakis v. Village of Winthrop Harbor*, 696 F.Supp.1095, 1101 (N.D. Ill 1997); *Surplus Store and Exchange, Inc. v. City of Delphi*, 928 F. 2d 788, 793 (7th Cir. 1991).

Defendants reserve the right to supplement these affirmative defenses as more information becomes available through the litigation in this matter.

Defendants request judgment in their favor and against Plaintiff on all counts and claims in Plaintiff's Complaint, and for dismissal of this cause with prejudice and costs, and any other relief that this Honorable Court deems equitable and just.

**JURY DEMAND**

Defendants demand a trial by jury

Respectfully submitted,

/s/ Brian P. Gainer
One of Defendant's Attorneys

Brian P. Gainer
Gabriel R. Judd
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
312-372-0770
312-372-9818 - Fax
#3850902

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I caused to be served Defendants' Answer to Plaintiff's Complaint at Law on September 11, 2014, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Brian P. Gainer*

One of the Attorneys for Defendants
Brian P. Gainer
Gabriel R. Judd
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
312-372-0770
312-372-9818 - Fax
E-mail:  gainerb@jbltd.com
                juddg@jbltd.com